### W. E. PARKS v. THE STATE.

No. 7530. Decided June 27, 1923.

Assault—Information—Insufficiency of the Evidence.

Where the information did not allege an assault nor describe the weapon or aver the proximity of the parties was such as to show the ability to commit a battery, the same was bad on motion to quash; besides the sufficiency of the evidence is very questionable, and the prosecution is dismissed.

Appeal from the County Court of Throckmorton. Tried below before the Honorable John Lee Smith.

Appeal from a conviction of assault; penalty, a fine of $15.00.

The opinion states the case.

B. F. *Reynolds*, for appellant.

R. G. *Storey*, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for an assault; punishment fixed at a fine of fifteen dollars.

The charge in the information reads thus:

". . . did unlawfully draw a knife on James E. Hughes and ran at the said James E. Hughes with intent to inflict serious bodily injury upon the said James E. Hughes. The said W. E. Parks was prevented from injuring the said James E. Hughes by the said Hughes striking him with a stick about three feet long."

This is not sufficient to charge an aggravated assault, which it attempts to do, nor do we think it charges a simple assault. An assault is defined thus:

"Any attempt to commit a battery, or any threatening gesture showing, in itself, or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault." (Vernon's Crim. Stat., Vol. 1, Art. 1008.)

An assault becomes aggravated when serious bodily injury is inflicted upon the person assaulted or when it is committed with a deadly weapon. See Vernon's Tex. Crim. Stat., Vol. 1, Art. 1022, subdivisions 7 and 8.

The information does not allege that there was an assault. It sets out the facts relied upon, but in these it does not appear that the appellant inflicted any injury upon Hughes; nor does it describe the weapon or aver that the proximity of the parties was such as to show the ability to commit a battery.

The sufficiency of the evidence is also very questionable. But two witnesses were introduced, namely, Hughes, the injured party, and the appellant. Hughes claimed that he went to appellant's premises for the purpose of procuring an explanation of certain statements that he learned that appellant had made; that a wordy altercation took place, followed by an encounter in which he struck appellant with a fence post about three feet long and broke his arm. He claims that before the blow was struck by him, the appellant drew his knife and was about to attack him. Appellant's version is that he drew no knife and made no attack, but that Hughes was the aggressor.

Hughes gave testimony that growing out of the facts upon his

plea of guilty, he had been convicted of an aggravated assault upon the appellant. He also said he, in fact, made upon the appellant an aggravated assault. This he afterwards qualified with the statement that he entered the plea and suffered the conviction though, as a matter of fact, he was not guilty. His entering the plea of guilty is consistent with appellant's testimony and inconsistent with that of the State, leaving the State's case upon very questionable foundation so far as the sufficiency of the evidence is concerned.

The information, as above stated, charging no assault, the judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*